THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

Clarence Shedd,

     Plaintiff,

vs.

1550 N. Lakeshore Condo Association,
Richard Condon,
Ruby Levy,
Janet Hope,
Thomas Engblom and
Fari Harandi

     Defendant.

08CV1913
JUDGE GETTLEMAN
MAG. JUDGE COX

JURY TRIAL DEMANDED

RECEIVED
APR 0 3 2008 T.C
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT
Apr 3, 2008

## COMPLAINT

Plaintiff, Clarence Shedd, complains of Defendant, 1550 North Lake Shore Drive Condominium Association, as follows:

**Nature of the Case:**
1. Racial discrimination and Retaliation in violation of 42U.S.C. Sec. 1981

**The Parties:**
2. Plaintiff, Clarence Shedd, is a citizen of the United States and a resident of Cook County, Illinois, and for all times relevant to this Complaint was an employee of Defendant.
3. Defendant, 1550 N. Lakeshore Drive Condo Association, is a corporation conducting business in Cook County, Illinois, that Plaintiff performed services for in Cook County, Illinois, and is an employer within the meaning of 42 U.S.C. Sec. 1981.

**Jurisdiction and Venue:**
4. This court has jurisdiction over Defendant pursuant to 42 U.S.C.S. §2000e(f) and 28 U.S.C.S. §§ 1331 and 1343(4).
5. Venue is proper pursuant to 28 U.S.C.S. §1391(b) because the unlawful employment practices alleged herein occurred in Cook County, Illinois, which is within this Court's division of the U.S. District Court, Northern District of Illinois.

**Procedural History:**
6. On June 19, 2001. Plaintiff filed a Charge of Discrimination with the City of Chicago Commission on Human Relations
7. On November 19, 2003. Plaintiff filed an additional charge of retaliation with the Commission.
8. Plaintiff satisfied all conditions precedent to filing this action.

**Plaintiff's Employment with Defendant:**

9. Defendant hired Mr. Shed as a garage manager in August 1997.
10. In June 2001. Mr. Shedd filed a complaint of racial harassment with the Chicago Commission on Human Relations..
11. In November 2003. Mr. Shedd filed an additional retaliation complaint with the same agency..
12. In late March 2004. Mr. Shedd took a medical leave of absence and had surgery for colon cancer.
13. In late April 2004 upon Mr. Shedd's return to work there was a new property manager Janet Hope.
14. The new property manager Ms. Hope continued the harassment by accusing Mr. Shedd of pocketing money and allowing people to park without paying.
15. Ms. Hope refused to pay Mr. Shedd according to the agreement which was established since his date of hire.
16. Mr. Shedd was paid a bonus rate. Before going on medical leave of absence Mr. Shedd was being paid 18.40 per hour (the union rate 14.40 per hour plus a bonus of 4.00 per hour) for 80 hours each pay period. When he worked overtime he earned time and a half at the base rate of 14.40
17. In May 2004 Mr. Shedd's sister passed away from colon cancer
18. In July 2004 Mr. Shedd took time off for a family memorial
19. On July 27, 2004 Mr. Shedd was called into a meeting with Ms. Hope(property manager), Mr. Condon( Board president ) Ms. Levy (Board vice pres.) Mary Wolf ( Senior vice president of Sudler property management) and another Sudler representative whose name he did not catch. Ms. Hope asked Mr. Shedd why she could not park her car on the first floor. Mr. Shedd responded that it was the policy of the condo association that no employee was to park on the first floor. Mr. Condon retorted that Ms. Hope was not an employee. Then, the other Sudler representative asked for proof of Mr.Shedd's compensation agreement. When he indicated it had been a handshake agreement , the Sudler representative announced that if it wasn't in writing it wasn't enforceable. Ms. Hope stated that it would be impossible for the two of them to work together. Feeling attacked and sensing that his termination was imminent , Mr. Shedd rose from his seat and walked out of the office and out of the building.

2

**Count One: Racial discrimination and Retaliation**

20. Based upon the foregoing, Defendant violated Racial discrimination and Retaliation, 42 U.S.C. Sec 1981 Equal Rights under the law.

*Wherefore,* Plaintiff prays for the following relief:

A. That the Court enter a judgment in his favor and against Defendant; and that the Court order Defendant to reinstate Plaintiff and reimburse him for all back pay other benefits that he would have received but for Defendant's conduct;

B. That the Court award Plaintiff reinstatement, or "front-pay" in lieu of reinstatement in the amount sufficient to compensate him for earnings he would have received but for Defendant's conduct;

C. That the Court award Plaintiff any and all compensatory damages to which he may be entitled;

D. That the Court award Plaintiff any and all punitive damages to which he may be entitled;

E. That the Court award prejudgment interest on any and all damages to which the Court finds that Plaintiff is entitled;

F. That the Court award reasonable attorneys fees and costs, and

G. That the Court award Plaintiff any and all other relief as this Court sees fit.

H. Plaintiff requests trial by jury.

Respectfully submitted,
Clarence Shedd,
Plaintiff.

By: _____
Pro Se

Clarence Shedd
1010 W. 18th Street
Broadview, Illinois 60155
(708) 343-6844
csevillests@aol.com

3