THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Clarence Shedd,<br>                 Plaintiff,<br><br>vs.<br><br>1550 N. Lakeshore Condo Association,<br>Richard Condon,<br>Ruby Levy,<br>Janet Hope,<br>Thomas Engblom and<br>Fari Harandi<br>                Defendants. | 08 CV 1913<br><br>Judge Gettleman<br>Magistrate Judge Cox<br><br><br>JURY TRIAL DEMANDED |

**REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now come the Defendants, 1550 Lake Shore Condominium Association and Janet Hope, through their attorneys, Mark Roth and Beata Bukranova of Orum & Roth, LLC, and for their reply to Plaintiff's Response to Defendants' Motion to Dismiss states:

Plaintiff's Response cites to a very recent United States Supreme Court decision, which held that 42 U.S.C. Section 1981 now encompasses retaliation claims. *CBOC West, Inc. v. Humphries*, 128 S. Ct. 1951, 170 LE 2d 864 (2008). Therefore, under this new United States Supreme Court case a plaintiff may maintain a retaliation claim under Section 1981.

Plaintiff's complaint is confusing in that it appears to allege a claim under both Title VII and Section 1981. Paragraph 4 of the Complaint states that jurisdiction is premised on, inter alia, "42 U.S.C.S. Sec. 2000e(f)." 42 U.S.C. Sec 2000 relates to Title VII claims. Plaintiff does not allege, nor can he, that he has filed an EEOC charge related

1

to the claims at issue in the complaint. Therefore, to the extent that Plaintiff's complaint is based on a cause of action under Title VII, Plaintiff's Complaint must be dismissed.

Moreover, to the extent that the Plaintiff's Complaint asserts a retaliation claim under Section 1981, the complaint is barred by the applicable statute of limitations. Under Seventh Circuit precedent, a two-year statute of limitations applies to section 1981 claims. *Peters v. Renaissance Hotel Oper. Co.*, 307 F.3d 535 (7th 2002). Plaintiff's Complaint alleges that he quit his employment with the Association on July 27, 2004, which was the last act that is alleged or could be alleged. Plaintiff's Complaint was filed more three years and nine months later, on April 3, 2008. Plaintiff's Complaint should accordingly be dismissed.

WHEREFORE, the Defendants, 1550 Lake Shore Condominium Association and Janet Hope, request that this Court dismiss Plaintiff's lawsuit with prejudice, and for such other and further relief as this Court deems just.

Respectfully submitted,

/s/ Mark D. Roth
Attorney for 1550 Lakeshore
Condo Assn. and Janet Hope

Mark D. Roth
Beata Bukranova
ORUM & ROTH
53 W. Jackson Boulevard, Suite 1616
Chicago, IL 60604
312.922.6262

2