## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert W. Gettleman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 1913 | **DATE** | 9/9/2008 |
| **CASE TITLE** | Clarence Shedd vs. 1550 N. Lake shore Drive Condominium Association, et al. | | |

**DOCKET ENTRY TEXT**

Defendant's motion to dismiss is denied.

■ [ For further details see text below.]                                                     Docketing to mail notices.

## STATEMENT

Plaintiff Clarence Shedd brought a pro se racial discrimination and retaliation complaint against his former employer, 1550 North Lake Shore Drive Condominium Association, (The "Association"), Janet Hope, the condominium property manager, and Richard Condon, Ruby Levy, Thomas Engblom, and Fari Harandi, members of The Association's board, on April 3, 2008, alleging that his employment was terminated in retaliation for disagreeing with the property manager. Because the complaint indicates that jurisdiction was based in part on 42 U.S.C. § 2000e(f), defendants the Association and Hope (who are the only defendants who have been served) assumed the complaint asserted a claim under Title VII, 42 U.S.C. § 2000e. Therefore, defendants moved to dismiss for failure to exhaust administrative remedies. Plaintiff responded by asserting that his claim is brought pursuant to 42 U.S.C. §1981, which has no such requirement.

In reply defendants argue that plaintiff's §1981 claim is barred by a two year statute of limitations, citing *Peters v. Renaissance Hotel Oper. Co.*, 307 F.3d 535 (7th 2002), in support. In *Jones v. R.R. Donnelly and Sons Co.,* 541 U.S. 369 at 383 (2004), however, the Supreme Court held the four-year catch-all statute of limitations for all Congressional acts enacted after December 1, 1990, contained in 28 U.S.C. §1658, applied to actions such as plaintiff's, which is brought pursuant to the 1990 amendment to §1981. Because plaintiff's complaint was brought within four years of the date of his discharge, it is timely.

Therefore, defendant's motion to dismiss is denied.

| | Courtroom Deputy | GS |
|---|---|---|